IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE EARL SCOTT, | }<br>} |
| Petitioner, | }<br>} |
| v. | } Case No.: 2:18-cv-01787-RDP<br>} |
| TERRY RAYBON, Warden of William<br>C. Holman Correctional Facility, | }<br>}<br>} |
| Respondent. | } |

## RESPONSE TO THE COURT'S SHOW CAUSE ORDER

Eric Schwartz of Sidley Austin respectfully submits this Response to the Court's Show Cause Order, ECF 26, to address whether the court should appoint supplemental habeas counsel to screen for, report on, and potentially pursue claims under *Martinez* as constrained post-*Shinn*.

## Introduction

On November 25, 2024, the Court issued a Show Cause Order requiring Mr. Schwartz to Show Cause why "the court should not appoint supplemental habeas counsel to screen for, report on, and potentially pursue claims under *Martinez* as constrained post-*Shinn*. Alternatively, Schwartz may propose to the court another

1

suitable process for ensuring that Scott does not forfeit the right to litigate potentially viable habeas claims under *Martinez* with the assistance of conflict-free counsel." *See* ECF 26.

Counsel appreciates the Court's efforts to ensure Mr. Scott receives conflict-free representation and does not waive his rights to any viable postconviction claims. Although counsel does not believe Mr. Scott has any viable *Martinez* claims, out of an abundance of caution, counsel has identified an independent expert in Alabama post-conviction representation to review Mr. Scott's postconviction proceedings in order to ensure that he does not forfeit any potentially viable claims.

Counsel believes this is an appropriate solution because it ensures that Mr. Scott does not forfeit his right to litigate potentially viable habeas claims while also avoiding the appointment of supplemental counsel, which may be disruptive to the attorney-client relationship that Mr. Scott and his counsel have developed over the past 18 years. Over the course of that relationship, counsel has always been, and remains, committed to ensuring justice for Mr. Scott. For the avoidance of doubt, though Mr. Scott is agreeing to independent review of his potential *Martinez* claims, Mr. Scott wishes for his current counsel to continue representing him.

### A. <u>History and Commitment to Representation</u>

Sidley Austin, LLP ("Sidley") initiated its capital litigation project in early

2005 and has been representing clients on Alabama's Death Row since then. The impetus for the project occurred in December 2004 when judges from the Seventh Circuit and the Northern District of Illinois invited Sidley and other large Chicago firms to an ABA-sponsored meeting. At that meeting, a Sidley partner heard a presentation by Robin Maher, who was the Director of the ABA Death Penalty Representation Project at the time, about the urgent need for pro bono representation in state post-conviction proceedings for individuals sentenced to death. *See also Barbour v. Haley,* 471 F.3d 1222, 1232 (11th Cir. 2006) ("[T]here simply are not enough volunteer lawyers willing to undertake a full review and investigation of a case in order to initiate postconviction proceedings on behalf of a death-sentenced inmate.").

Sidley signed an engagement letter with Mr. Scott in January 2007. The following month, Mr. Scott and counsel submitted a Rule 32, Ala. R. Crim. P., petition challenging Mr. Scott's capital convictions. Since that time, Sidley attorneys and paralegals have dedicated over 10,000 hours to Mr. Scott's case. Sidley has retained several experts, including experts in forensic psychology and pathology. The significant efforts and expenses that have been dedicated to Mr. Scott's representations, and the effectiveness of Sidley's representation, were demonstrated in 2011, when the Alabama Supreme Court reversed and remanded

3

the summary dismissal of Mr. Scott's Rule 32 petition. Since then, Sidley attorneys have continued to represent Mr. Scott with zeal.

Mr. Schwartz himself has been involved on the case since 2015 and has dedicated over 400 hours. He has traveled to Alabama to visit Mr. Scott, where he has, on multiple occasions, discussed with Mr. Scott the potential conflict of interest regarding the pursuit of any procedurally defaulted claims. *See* ECF 6.

Over the course of the 18-year representation, Sidley has been committed to, and remains committed to, ensuring justice for Mr. Scott. Counsel believes Mr. Scott's habeas petition contains viable claims for relief and remains fully prepared to represent him should the Court grant the relief sought by Mr. Scott.

### B. **Independent Analysis: Angie Setzer**

In order to ensure Mr. Scott does not risk waiving viable postconviction claims, Sidley suggests Angie Setzer review the trial and post-conviction records of Mr. Scott's case for possible *Martinez* claims. Angie Setzer has agreed to this independent analysis.

Angie Setzer is well-qualified to perform this task. Ms. Setzer is a senior attorney at the Equal Justice Initiative in Montgomery, Alabama, and has represented individuals on Alabama's death row since obtaining her bar license in September 1999. She has personally represented individuals on death row before the Alabama

4

Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. She has successfully litigated cases resulting in courts overturning capital convictions and death sentences, and she oversees the legal work of other attorneys and fellows.

Additionally, Ms. Setzer has researched postconviction and capital defense issues extensively. She has been a contributing author and editor to the 4th and 5th editions of EJI's *Alabama Capital Postconviction Manual* and the 4th and 5th editions of EJI's *Alabama Capital Defense Trial Manual,* as well as other EJI publications. She has also developed and presented CLE presentations on issues related to capital and postconviction litigation.

Given Ms. Setzer's significant experience in the field, she is well-qualified to conduct an objective, independent review of Mr. Scott's postconviction record. Sidley welcomes her input and believes that Ms. Setzer's review will ensure Mr. Scott's interests are fully protected.

## Conclusion

Counsel remains committed to ensuring Mr. Scott receives the highest quality representation. If the Court has any concerns, Mr. Schwartz is available to discuss at the Court's convenience.

Respectfully submitted,

/s/ *Eric B. Schwartz*
Eric B. Schwartz *
eschwartz@sidley.com
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

Michael F. Walker
mwalker@bradley.com
John Mark Goodman
jmgoodman@bradley.com
John E. Goodman
jgoodman@bradley.com

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000

Thomas P. Hanrahan *
tom@tphanrahan.com
TPHanrahan Dispute Solutions
P.O. Box 1326
Manhattan Beach, CA 90267
Telephone: (310) 871-4521
* *admitted pro hac vice*

*Counsel for Petitioner*
*Willie Earl Scott*

4908-7076-0716