# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE EARL SCOTT,** | } |
| | } |
| Petitioner, | } |
| | } |
| v. | } Case No.: 2:18-cv-01787-RDP |
| | } |
| **TERRY RAYBON, Warden of William C.** | } |
| **Holman Correctional Facility,** | } |
| | } |
| Respondent. | } |

## ORDER

Willie Earl Scott ("Scott") petitions the court for a writ of habeas corpus under Title 28 U.S.C. § 2254. (Doc. # 1). Scott challenges the constitutionality of his capital murder convictions and death sentence in the Circuit Court of Jefferson County, Alabama. (Doc. # 1). The purpose of this order is to address counsel's show cause response on the potential conflict due to Scott's overlapping habeas and state postconviction representation. (Docs. # 26, 32).

As background, Scott is represented on habeas review by two *pro hac vice* attorneys with Sidley Austin LLP, one *pro hac vice* attorney with TPHanrahan Dispute Solutions, and three Birmingham attorneys with Bradley Arant Boult Cummings LLP. (Docs. # 1 at 1-2; 2-4, 7). The certification of counsel, filed in compliance with the initial order, reflects a conflict which prevents Sidley Austin attorneys from pursuing habeas claims – otherwise defaulted and subject to a procedural dismissal – based on *Martinez v. Ryan*, 566 U.S. 1 (2012). (Docs. # 6 at 1; 9 at 7-8).

Because of that conflict, the court ordered the certifying attorney – Eric B. Schwartz ("Schwartz") of Sidley Austin – to show cause why the court "should not appoint supplemental habeas counsel to screen for, report on, and potentially pursue claims under *Martinez*." (Docs. # 9

at 8; 26 at 5). The court gave Schwartz the option to "propose . . . another suitable process for ensuring that Scott does not forfeit the right to litigate potentially viable habeas claims under *Martinez* with the assistance of conflict-free counsel." (Doc. # 26 at 5).

Schwartz responds that he "does not believe Mr. Scott has any viable *Martinez* claims." (Doc. # 32 at 2). Still, "out of an abundance of caution," Schwartz agrees that an independent assessment of Scott's rights and interests under *Martinez* would be appropriate. (*Id.*). To secure that conflict-free review and to avoid "disrupti[on] to the attorney-client relationship" with Scott, Schwartz proposes relying on "an independent expert in Alabama post-conviction representation," rather than appointing supplemental counsel. (*Id.*). Specifically, Schwartz requests that Angie Setzer ("Setzer"), a senior attorney with the Equal Justice Initiative, perform an independent *Martinez* assessment. (*Id.* at 4).

Setzer has confirmed her willingness to serve in this role. (*Id.*). Setzer's credentials include a good-standing membership in the Alabama State Bar and over twenty-five years of experience "represent[ing] individuals on death row before the Alabama Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court." *See* https://members.alabar.org/member_portal/member-search (listed as Angela Leigh Setzer) (last visited Jan. 23, 2025); (*Id.* at 4-5). In her capital practice, Setzer has "overturn[ed] . . . convictions and death sentences." (*Id.* at 5). As Equal Justice Initiative senior counsel, Setzer "oversees the legal work of other attorneys and fellows." (*Id.*).

In addition to her "extensive[]" capital defense and postconviction research, Setzer has contributed to several Equal Justice Initiative publications as an author and editor. (*Id.*). These include the fourth and fifth editions of the *Alabama Capital Defense Trial* and *Alabama Capital*

*Postconviction Manuals*. (*Id.*). Additionally, Setzer has assisted in presenting educational programs focusing on capital and postconviction issues as a developer and presenter. (*Id.*). Given Setzer's "significant experience in the field," Schwartz maintains that Setzer "is well[]qualified to conduct an objective, independent review of [the] postconviction record" to protect Scott's interests. (*Id.*).

To advance his proposal, Schwartz offers other contextual considerations. These circumstances include the fact that Sidley Austin's postconviction commitment to Scott has spanned over fifteen years, involved "over 10,000 hours" in legal services, and utilized "expert[] [assistance] in forensic psychology and pathology." (*Id.* at 3). To give an example of effective postconviction representation, Schwartz points out that "the Alabama Supreme Court reversed and remanded the summary dismissal of Mr. Scott's Rule 32 petition" due to counsel's efforts. (*Id.* at 3-4). Additionally, Scott has certified being "fully satisfied" with habeas counsel and "wishes for his current counsel to continue representing him." (Docs. # 9 at 5; 32 at 2).

Against this backdrop, Schwartz's proposal to rely on an independent *Martinez* expert is a reasonable alternative to an immediate appointment of supplemental counsel for Scott. Relatedly, Setzer's credentials, as a seasoned capital defense and postconviction litigator with Equal Justice Initiative, support the conclusion that she is well qualified to serve in that role. (Doc. # 32 at 4-5). The court is convinced that Setzer's expert evaluation will assist it in deciding whether concrete reasons support the appointment of supplemental counsel under *Martinez*.

Accordingly, the court will permit Schwartz and Sidley Austin to engage Setzer as a *Martinez* expert in Scott's case. Within thirty days, Schwartz **SHALL** consult with Setzer, and file a report on the status of this matter. Schwartz **SHALL** include in his report how much time Setzer estimates that she will need to study the record and document her *Martinez* findings.

**DONE** and **ORDERED** this January 29, 2025.

                                                              _____
                                                              **R. DAVID PROCTOR**
                                                              CHIEF U.S. DISTRICT JUDGE