FILED
2025 Aug-28 PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE EARL SCOTT,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:18-cv-01787-RDP |
| **TERRY RAYBON, Warden of William C. Holman Correctional Facility,** | } |
| Respondent. | } |

## Status Report

On January 29, 2025, the Court issued an order permitting counsel for petitioner Willie Earl Scott, Eric Schwartz and Sidley Austin LLP, to engage Angie Setzer of Equal Justice Initiative ("EJI") as a *Martinez* expert in Mr. Scott's case. Dkt. 33 at 3. The Court ordered Mr. Schwartz consult with Ms. Setzer within 30 days of that and to file a report on the status of this mater, which shall include a report of how much time Ms. Setzer estimates that she will need to study the record and document her *Martinez* findings. *Id.* In the First Status Report, counsel proposed filing an additional status update by August 28, 2025. Dkt 34 at 2. Consistent with that, counsel provides the following report:

1. Prior to the First Status Report, counsel provided Ms. Setzer with the record to Mr. Scott's case.

2. This transfer consisted of thousands of pages of documents, including trial transcripts and exhibits, pleadings, and other documents.

3. Ms. Setzer is progressing in her review of Mr. Scott's case. As explained in her status letter, Ms. Setzer has reviewed a substantial portion of the record, but requires additional time for a thorough review, and expects that she will complete her analysis by the end of October. *See* Exhibit 1.

4. Unless directed otherwise by the Court, counsel for Mr. Scott proposes submitting an additional status report no later than October 31, 2025. That status report will include a timeline for the issuance of Ms. Setzer's written report.

Respectfully submitted,

_____
Eric B. Schwartz *
eschwartz@sidley.com
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

Michael F. Walker
mwalker@bradley.com
John Mark Goodman
jmgoodman@bradley.com
John E. Goodman
jgoodman@bradley.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000

Thomas P. Hanrahan *
tom@tphanrahan.com
TPHanrahan Dispute Solutions
P.O. Box 1326
Manhattan Beach, CA 90267
Telephone: (310) 871-4521
* *admitted pro hac vice*

*Counsel for Petitioner
Willie Earl Scott*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025 I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                             Eric B. Schwartz

# Exhibit 1



Eric Schwartz
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071

*Via email: eschwartz@sidley.com*

Dear Mr. Schwartz and team,

I am a Senior Attorney at the Equal Justice Initiative ("EJI"). Since its founding in 1989, EJI has been providing legal assistance to men and women sentenced to death in Alabama, expertise and training to lawyers throughout the country handling death penalty cases, and reporting on issues related to the use of the death penalty throughout the United States. I was appointed by the Court as an expert in the case of Willie Scott v. Terry Raybon, Case No. 2:18-cv-01787-RDP, to review Mr. Scott's case and mak¡e a determination as to whether Mr. Scott has a viable claim pursuant to the United States Supreme Court decision of Martinez v. Ryan, 566 U.S. 1 (2012).

I am currently working on my assessment and am writing to provide an update on my work. As we previously discussed, my first step was to review the record from the trial, identify record-based performance deficiencies of Mr. Scott's trial counsel, and independently determine whether there were any constitutional issues and/or investigative avenues that a reasonably competent postconviction counsel would pursue based on my experience handling these types of cases and under the guidance of the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Mr. Scott's trial record is over 2200 pages long and I have reviewed a substantial portion. While reviewing the record, I have attempted to identify any witnesses or evidence that a trial lawyer should have explored at the time of trial, and thus, that a postconviction lawyer should have also pursued.

After completing my review of the trial record, I plan to review the postconviction and habeas records to determine whether postconviction counsel failed to raise any viable constitutional claims, and if so, whether that failure constitutes a viable <u>Martinez</u> claim.

Given my schedule, I anticipate that I will substantially complete my review by the end of October and will keep you updated if that timeline changes.

Please let me know if you have questions.

Sincerely,

Angela Setzer
Senior Attorney